Receipt Number
6029

Senior Master of the Queen's
Bench Division
Royal Courts of Justice
Strand
London WC2A 2LL

The United States District Court for the Eastern District of Michigan
Theodore Levin U. S Court House
231 West Lafayette Boulevard
Detroit
Michigan 48226
**UNITED STATES OF AMERICA**

Case:2:09-mc-50101
Judge: Battani, Marianne O
MJ: Whalen, R. Steven
Filed: 02-02-2009 At 03:26 PM
In Re: OTH Andrew Peters, et al v A
ndrew Menzies, et al (SMS)

I, Steven Dixon Whitaker Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales respectfully request the assistance of your Court with regard to the following matters.

1. A claim is now pending in the Birmingham District Registry of the Chancery Division of the High Court of Justice in England and Wales entitled In The Matter of Automold Limited (in Liquidation), Case Number 9002 of 2008 in which Andrew Philip Peters (the Liquidator of Automold Limited) (1) and Automold Limited (in Liquidation) (2) of Four Brindleyplace, Birmingham B1 2HX are the Applicants (Plaintiffs) and Andrew Michael Menzies (1) and Neil Tombs (2) of Grant Thornton LLP of Enterprise House, 115 Edmund Street, Birmingham B3 2HJ are the Respondents (Defendants).

2. The names and addresses of the solicitors representing the Applicants are:

HBJ Gateley Wareing LLP
One Eleven Edmund Street
Birmingham
B3 2HJ
England

Ref: SMW/53273.001

The name and address of the solicitors representing the Respondents are:

DLA Piper UK LLP
Victoria Square House
Victoria Square
Birmingham
B2 4DL
England

Ref: DB/37376/120034 UK M/21678894.1

3. The claim by the Applicants is for:

3.1 A declaration that the Respondents as former Administrators of Automold Limited ("**Automold**") breached their fiduciary duties and/or other duties to Automold and that

3341758.7

they should account to Automold for the profits earned by them as a consequence of their breaches of fiduciary duty and for all necessary accounts and enquiries to be taken;

3.2 The relief sought by the Applicants is an order that the Respondents contribute a sum to Automold's property by way of compensation, alternatively damages for breach of duty and that the Respondents account to Automold for the profit earned by them as a consequence of their breaches of fiduciary duty, interest thereon and costs:

3.3 A summary of the facts upon which the Applicants rely in support of their claim and which are relevant to this letter of request is set out below:

3.3.1 The first Applicant, Andrew Peters is a partner in Deloitte & Touche LLP and is the Liquidator of the second Applicant Automold ("**Mr Peters**"). Andrew Michael Menzies ("**Mr Menzies**") and Neil Tombs ("**Mr Tombs**") are partners in Grant Thornton UK LLP and are the former administrators of Automold (together "**the Respondents**").

3.3.2 The Respondents were appointed the joint administrators of Automold on 18 December 2003.

3.3.3 Automold was a manufacturer of car components with a factory based in Gloucestershire, England. By 2003 The Ford Motor Company Limited ("**Ford**") was Automold's main customer, taking about 80% of its output, its other principal customer being General Motors Limited ("**GM**") who accounted for approximately 17% of Automold's output.

3.3.4 Automold owned 100% of the shares of Automold of America Inc ("**Inc**") a U.S company based in Detroit, Michigan which supplied parts to Ford's operations in the USA.

3.3.5 Ford operated a "just in time" manufacturing system so that no more than approximately 2 days stock was held at any one time. Automold was Ford's sole supplier for all 250 or so parts that it supplied to Ford. Automold itself manufactured Ford's parts against purchase orders and did not itself, therefore, hold material amounts of stock. A similar "just in time" arrangement operated between Ford USA and Inc.

3.3.6 The "just in time" manufacturing and supply arrangement meant that Ford could not move from one supplier to another at short notice. To transfer the manufacturing process to another supplier would have required the acquisition, installation and commissioning of special moulding and tooling, which process would have taken weeks or even months to complete.

3.3.7 In December 2003 meetings took place between Automold's bankers, the directors of Automold and representatives of Ford. The position taken on behalf of Ford was that it would not be prepared to provide any further funding to Automold. Ford was however prepared to fund an administration but it insisted that Mr Menzies must be the appointed administrator. The directors of Automold agreed to Mr Menzies' appointment as administrator and Mr Menzies and Mr Tombs were appointed as joint administrators on 18 December 2003.

3.3.8 As administrators Mr Menzies and Mr Tombs were under a duty to act in the interests of the creditors of Automold as a whole and their principal

aim was to maintain and sell the business and assets of Automold (including Automold's shares in Inc) as a going concern.

3.3.9   The shares in Inc were an asset of Automold available to the Respondents as administrators. On or about 23 December 2003 Mr Menzies was supplied with a draft report in respect of Inc which had been prepared by members of his staff which confirmed that Inc was in the process of building up buffer stock for Ford in the USA. The draft report also indicated that Inc was solvent, with no creditor pressure, had a valuation of at least $8.7m and that one of its managers had expressed an interest in purchasing the business.

3.3.10  As part of the process of dealing with Inc, and in particular the sale of either Automold's shareholding in Inc or the assts of Inc, on 28 January 2004 the Respondents appointed Grant Thornton LLP ("**GTUS**"), their US sister outlet, to provide them with "financial advisory services" in relation to Inc.

3.3.11  A confidential descriptive memorandum was produced by Mr Menzies' firm in February 2004 indicating that Automold was going to sell its shares in Inc and the administrators would market for business accordingly. Following the issue of this document, indications of interest were received for Inc from 6 parties, 3 of whom provided indicative offers in the range $14.35m to $14.5m.

3.3.12  The Respondents knew or ought to have appreciated that maximum realisations from the sale of Inc depended on Ford in the USA not interfering in the sales process, because of Ford's position as Inc's biggest customer. Notwithstanding Automold's strong commercial bargaining position with Ford in the UK, the Applicants allege (though the Respondents deny) that the administrators failed to prevent or persuade Ford to cease interfering with the sale of Inc and as such the value of the business of Inc (and therefore the shares held by Automold) were devalued.

3.3.13  On 29 October 2004 what remained of the business of Inc was sold for $6,148,776. The Applicants allege that this was less than ought to have been achieved for the sale of Inc.

4.  The Respondents deny the allegations made about their conduct in respect of Inc.

5.  This letter of request relates to documents created or received by GTUS or contained within the files of GTUS created in the course of the retainer referred to above (including documents held electronically). These are relevant to the issues between the Applicants and the Respondents and in particular whether the Respondents acted in accordance with their duty to maximise the realisable value of Automold's shares in Inc. GTUS have indicated that a court order would be required for them to produce their files.

6.  It is therefore considered necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that you cause GTUS, whose offices are within your jurisdiction, to produce their files relating to their dealings with the Respondents and/or Inc during the course of their retainer by the Respondents and in respect of any period thereafter for the purposes of enabling the Applicants and the Respondents to inspect such documents and obtain copies as

deemed appropriate. The name and address of the individual at GTUS to whom your Court's requirements should be directed are:

..........................................
Maureen Aidisani (legal counsel)
Grant Thornton LLP
175 W.Jackson Blvd
20th Floor
Chicago, IL 60604

6.1 I would ask that you cause GTUS to deliver the documents falling within the description at paragraph 5 above to:

Senior Master of the Queen's Bench Division

Royal Courts of Justice

The Strand

London WC2A 2LL

For onward transmission to the Birmingham District Registry

Dated this 15th day of January 2009

*[signature]*
Senior Master QBD.

CASE NUMBER 9002 of 2008

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

BIRMINGHAM DISTRICT REGISTRY

IN THE MATTER OF AUTOMOLD LIMITED (FORMERLY IN ADMINISTRATION NOW IN LIQUIDATION)

BEFORE HHJ PURLE QC

B E T W E E N:

(1) ANDREW PHILIP PETERS
(THE LIQUIDATOR OF AUTOMOLD LIMITED)

(2) AUTOMOLD LIMITED (IN LIQUIDATION)
ACTING BY ITS LIQUIDATOR ANDREW PHILIP PETERS

**Applicants**

- and -

(1) ANDREW MICHAEL MENZIES
(2) NEIL TOMBS
(THE FORMER JOINT ADMINISTRATORS OF AUTOMOLD LIMITED)

**Respondents**

---

**ORDER**

---

**UPON** the Applicant's application for directions, time for the hearing of which is abridged.

**UPON** hearing leading Counsel for the Applicants and leading Counsel for the Respondents.

**UPON** considering the papers noted as read on the Court file.

**AND UPON** the Applicants not pursuing their application for disclosure.

**IT IS HEREBY ORDERED THAT:**

1. The Second Applicant be removed as Applicant to the proceedings;

2. The stay in the proceedings provided for in the Consent Order of this Court dated 17 September 2008 be lifted;

3. Directions in the form of the attached Schedule be given. The Respondents shall have liberty to apply to vary the provisions of paragraph 2.1 of the Schedule or apply for a split trial of the proceedings. Any application for a split trial to be made by no later than 28 November 2008 on 3 clear days' notice to the Applicant.

4. That the Letter of Request produced to the Court and initialled by the Judge be approved to be issued;

## SCHEDULE

1.  Each party serve on every other party the witness statements of the oral evidence which the party serving the statement intends to rely on in relation to any issues of fact to be decided at the trial, those statements and any notices of intention to rely on hearsay evidence to be exchanged by 4.00pm on 27 March 2009 provided that before exchange the parties shall liaise with a view to agreeing a method of identification of any documents referred to in any such witness statements.

2.  Each party has permission to adduce expert evidence. The parties shall exchange and file expert reports by 4.00 pm on 29 May 2009 regarding: -

2.1 Evidence from an expert insolvency practitioner concerning the steps and options that would have been available to an insolvency practitioner appointed in respect of Automold Limited in or about December 2003 to achieve the purpose of the administration;

2.2 Evidence on the valuation of Automold's shareholding in Automold of America Inc; and

2.3 Evidence on the value of the business and assets of Automold Limited (in Administration)

3.  Experts shall be limited to one expert in each field per party;

4.  The experts shall hold a discussion by 12 June 2009 for the purpose of: -

4.1 identifying the issues, if any, between them; and

4.2 where possible, reaching agreement on those issues;

4.3 The experts shall by 10 July 2009 prepare and file a statement for the Court showing:-

   4.3.1   those issues on which they are agreed; and

   4.3.2   those issues on which they disagree and a summary of their reasons for disagreeing.

5.  The trial being estimated to last more than 10 days that there be a Pre Trial Review on a date to be fixed in November 2009 in conjunction with the parties to take place shortly before the trial and, if possible, in front of the Judge who will be conducting the trial at which, except for urgent matters in the meantime, the Court will hear any further applications for Orders.

CASE NUMBER 9002 of 2008

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

IN THE MATTER OF AUTOMOLD LIMITED (FORMERLY IN ADMINISTRATION NOW IN LIQUIDATION)

BETWEEN:

(1) ANDREW PHILIP PETERS
(THE LIQUIDATOR OF AUTOMOLD LIMITED)

(2) AUTOMOLD LIMITED (IN LIQUIDATION) ACTING BY ITS LIQUIDATOR ANDREW PHILIP PETERS

Applicants

- and -

(1) ANDREW MICHAEL MENZIES
(2) NEIL TOMBS
(THE FORMER JOINT ADMINISTRATORS OF AUTOMOLD LIMITED)

Respondents

---

ORDER

---

HBJ Gateley Wareing LLP
One Eleven
Edmund Street
Birmingham
B3 2HJ

Tel: 0121 234 0000
Fax: 0121 234 0001

Ref: AXT/3294373_1.DOC/53273.001/RMF



PF78 RCJ
Solicitors Undertaking as to Expenses
(Interim application) - Royal Courts of Justice

| | |
|---|---|
| **IN THE HIGH COURT OF JUSTICE**<br>QUEEN'S BENCH DIVISION<br>ROYAL COURTS OF JUSTICE | |
| Claim No. | 9002 of 2008 |

**Claimants**

(1) Andrew Philip Peters (The Liquidator of Automold Limited)
(2) Automold Limited (in Liquidation)

**Defendants**

(1) Andrew Michael Menzies
(2) Neil Tombs (The Former Joint Administrators of Automold Limited)

[X][We]

hereby undertake to be responsible for all expenses incurred by Her Majesty's Secretary of State for Foreign and Commonwealth Affairs in respect of the letter of request issued in these proceedings on _____ and on receiving due notification of the amount of such expenses undertake to pay them as directed by the Senior Master of the Supreme Court.

The following have been appointed as agents for the parties in connection with the execution of the above letter of request:

Claimant's Agent:- John P Kanan, Henigman Miller Schwartz and Cohn LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226-3506

Defendant's Agent:-

Signed _____ Dated 28/11/08
Solicitors for
HBJ Gateley Wareing LLP
One Eleven, Edmund Street, Birmingham, B3 2HJ

TO:

Foreign Process Section
Room E10
Royal Courts of Justice
The Strand
London WC2A 2LL

Offices within the Royal Courts of Justice, Strand, London WC2A 2LL are open between 10am and 4.30pm Monday to Friday.