UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

AUTOMOLD LIMITED

Case Number: 09-50101
HON. MARIANNE O. BATTANI

## STIPULATED PROTECTIVE ORDER

Whereas a claim is now pending in the Birmingham District Registry of the Chancery Division of the High Court of Justice in England and Wales entitled *In the Matter of Automold Limited (in Liquidation)*, Case Number 9002 of 2008 in which Andrew Phillip Peters (1) and Automold Limited (2) of Four Brindleyplace, Birmingham B1 2HX are the Applicants and Andrew Michael Menzies (1) and Neil Tombs (2) of Grant Thornton UK of Enterprise House, 115 Edmund Street, Birmingham B3 2HJ are the Respondents (the "Foreign Litigation").

Whereas the Applicants in the Foreign Litigation caused a Letter of Request (the "Request") to be sent to this Court seeking the production of internal files and documents, including electronic documents, from Grant Thornton LLP ("Grant Thornton"), an Illinois limited liability partnership and a non-party to the Foreign Litigation.

Whereas Automold Limited has subsequently been removed as Applicant in the Foreign Litigation, and Andrew Phillips Peters, acting in the capacity of Liquidator of Automold Limited, remains an Applicant in the Foreign Litigation and as referred to herein.

Whereas to expedite Grant Thornton's production of documents in response to the Request in a matter consistent with its need to protect the confidentiality of certain documents and other

1683229.01

information, the Applicant and Grant Thornton agree to the entry of a Protective Order, as evidenced by the signatures of their respective counsel and solicitors below.

Whereas the Court having reviewed the stipulation and otherwise being fully advised in its premises,

**IT IS HEREBY ORDERED** as follows:

1. CONFIDENTIAL INFORMATION means any document, statement, information or copy thereof that Grant Thornton believes, in good faith, constitutes its confidential information, including but not limited to information about its client(s)/customer(s); proprietary business information which relates to its commercial operation; or otherwise constitutes its trade secret(s) as those terms are used in Rule 26 of the Federal Rules of Civil Procedure; or contains information subject to a legally protected right or right of privacy or personal information. Except as otherwise indicated below, documents or other discovery designated by Grant Thornton as "CONFIDENTIAL" and produced in response to the Request shall be given confidential treatment as described below.

2. When used in this Order, the word "Documents" means all written, recorded or graphic matter whatsoever, including any portions of any court papers which quote from or summarize any of the foregoing, or any other item as the term is defined in Rule 34 of the Federal Rules of Civil Procedure.

3. Grant Thornton may, as provided in this Order and subject to its terms and conditions, designate as confidential and protected any Documents (and information contained therein) that it hereafter produces by marking such documents with the legend "CONFIDENTIAL" at the time copies are produced to the Applicant.

4. Any CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 3

1683229.01

above shall be designated as "CONFIDENTIAL" by Grant Thornton by informing the Applicant in writing that the information is confidential.

5. In the event that the Applicant objects to the designation of any document or information as "CONFIDENTIAL," the Applicant shall state the grounds for the objection. The Applicant and Grant Thornton shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Applicant may seek appropriate relief from this Court, including an order that the documents should not be treated as "CONFIDENTIAL" or that specified provisions of this Order shall not apply to the document or information. However, all documents designated as "CONFIDENTIAL" shall be maintained as such until the Applicant and Grant Thornton agree otherwise or the Court makes its determination.

6. Nothing in this Order shall prevent Grant Thornton from objecting to producing documents in response to the Request which it believes is improper.

7. Except upon prior written consent of Grant Thornton and the Applicant, or upon further order of the Court, the Documents or information contained therein that are designated "CONFIDENTIAL," may be shown, disseminated, discussed or disclosed only to the following individuals:

    a. This Court and its staff in this case or in any appeal therefrom, and the Court in the Foreign Litigation and its staff;

    b. Counsel of record or Solicitors of record in the above captioned matter or the Foreign Litigation for Grant Thornton, the Applicant and the Respondents;

    c. Partners, associates, secretaries, paralegals and other such personnel employed or retained by or working under the supervision of said counsel or Solicitors of record who are actively engaged in assisting such counsel in such action;

1683229.01

        d.        Outside consultants, technical advisors and expert witnesses and their assistants and staff employed or retained by the Applicant, Respondents or counsel.

        e.        The Applicant, Respondents and/or their employees, to the extent that involvement with such action is part of their job duties;

        f.        Any person who authored or previously received the document or information and witnesses in fact; and

        i.        Any other person or entity as to whom counsel for Grant Thornton and the Applicant agree in writing, or whom the Court directs shall have access to such information. With the exception of court personnel, persons permitted to review Documents or information designated as "CONFIDENTIAL" under this Order will, before obtaining access to such Documents or information, be shown a copy of this stipulation and agree in writing to be bound by its terms by signing a copy of a document in the form of Exhibit A, stating that he or she has read and understands this Order and agrees to be bound by its terms. The Applicant who wishes to disclose such material must retain the signed stipulation, hold it in escrow, and produce it to Grant Thornton on request.

        8.        All documents or other material subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by the Applicant or any other person for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation and trial in the Foreign Litigation in accordance with the provisions of this Order, or as otherwise ordered by the Court in the Foreign Litigation.  The term of this paragraph and the terms of this Order will apply even in the event where such confidential information has been read to or by the court, or referred to, at a hearing which has been held in public, either with respect to this matter or the Foreign Litigation.

9. All documents or other material subject to this Order, and all confidential information derived therefrom, shall remain the property of Grant Thornton or Grant Thornton's clients. Upon final completion of the Foreign Litigation, whether by settlement or any other means, all documents and information designated as CONFIDENTIAL shall be returned to counsel for Grant Thornton or shall be destroyed within 20 days of such disposition.

10. In no event shall any document or any information designated as CONFIDENTIAL be disclosed in any case other than that captioned above and the Foreign Litigation.

11. The inadvertent production of any privileged or attorney work product documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege which may otherwise attach thereto nor a general waiver of such privilege. Upon demand of Grant Thornton, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of Grant Thornton.

12. Inadvertent failure to designate any document as CONFIDENTIAL will not waive a claim that the document is confidential under this Order, nor will it estop Grant Thornton from designating such information as confidential at a later time.

13. The provisions of this Order shall continue to be binding after the conclusion of this matter.

14. Grant Thornton and the Applicant agree and acknowledge that a material violation of this Order by the Applicant, its employees, representatives or agents or any third party who executes the attached statement, will result in irreparable harm to Grant Thornton and Grant Thornton and the Applicant therefore consent to the issuance of an injunction and other appropriate relief. Nothing in this Order shall preclude a party from pursuing an action for damages

1683229.01

based on the violation of the terms of this Order. Applicant waives any objection to personal jurisdiction or venue in this Court with respect to such a violation of this Order.

15. Either Grant Thornton or the Applicant may move for an amendment of this Order.

**SO ORDERED**

                                                    s/Marianne O. Battani
                                                    Hon. Marianne O. Battani

Dated: August 5, 2009

So Stipulated:

| /s/Patrice S. Arend | /s/ Jason Conti |
|---|---|
| Patrice S. Arend (P56962) | Jason Conti (P55617) |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Honigman Miller Schwartz and Cohn LLP |
| 27777 Franklin Road, Suite 2500 | 2290 First National Building |
| Southfield, MI 48034 | 600 Woodward Avenue |
| (248) 351-3000 | **Detroit, Michigan** |
| parend@jaffelaw.com | (313)465.7340 |
| | jconti@honigman.com |
| *Attorneys for Grant Thornton LLP* | |
| | Nadine Herman |
| | HBJ Gateley Wareing |
| | One Elevn |
| | Edmund Street |
| | Birmingham, United Kingdom |
| | B3 2HJ |
| | |
| | *Attorneys for Applicant* |

1683229.01

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

In re:

AUTOMOLD LIMITED

Case Number: 09-50101
HON. MARIANNE O. BATTANI

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the Order entered in this action by the United States District Court for the Eastern District of Michigan, on _____, 2009, which is attached hereto, (s)he understands the terms thereof, including his/her obligation to keep confidential all information designated as CONFIDENTIAL pursuant to the attached Order, and to use such information solely for the prosecution or defense of this case or the Foreign Litigation and (s)he agrees to be bound by such terms.

_____

DATED: _____

1683229.01